UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WINFRED TUTTLE,

   Plaintiff,

               File No: 2:08-CV-113

v.

               HON. ROBERT HOLMES BELL

JOHN BOYNTON, et al.,

   Defendants.
             /

**MEMORANDUM OPINION AND ORDER REGARDING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court are Plaintiff's objections (Dkt. No. 28) to the Magistrate Judge's July 1, 2010, Report and Recommendation ("R&R") which recommends that this Court grant Defendants' motion for summary judgment. (Dkt. No. 27.) The Court is required to review *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.* Plaintiff has raised eight numbered objections to the R&R.[1]

**Objections 1 and 3a**

The R&R recommends that this Court grant summary judgment in favor of Defendant MacLaren for lack of personal involvement. (Dkt. No. 27, R&R, at 5.) In Objection 1,

---

[1] Plaintiff's objections are labeled #1 to #7, with the numeral "3" used twice. For the sake of clarity, the Court will refer to objections "3" as "3a" and "3b."

Plaintiff appears to be objecting to the Magistrate Judge's finding that Defendant MacLaren was unaware of Plaintiff's August 30, 2006, request for protection.[2] (Dkt. No. 28, Objections, at 1.) In Objection 3a, Plaintiff objects to the Magistrate Judge's finding that Plaintiff does not set forth any evidence that Defendant MacLaren was part of the Security Classification Committee ("SCC") which denied Plaintiff's request for protection on August 30, 2006. (*Id.* at 2). In Objection 3a, Plaintiff also objects to the Magistrate Judge's finding that Defendant MacLaren did not receive any memos regarding Plaintiff's situation. (*Id.*) The Court will consider Objections 1 and 3a together, as they relate to the same section of the R&R.

The Magistrate Judge did indeed find that Plaintiff does not provide any evidence to support the conclusion that Defendant MacLaren was part of the August 30, 2006, SCC. (Dkt. No. 27, R&R, at 4.) Plaintiff raises several arguments to counter the Magistrate Judge's findings. First, he argues that since Defendant MacLaren was admittedly on the SCC that reviewed Plaintiff's request for protection on September 15, 2006, Defendant MacLaren must also have been on the SCC that reviewed Plaintiff's request on the SCC that

---

[2]In several of Plaintiff's objections, it is unclear to which of the Magistrate Judge's findings Plaintiff is objecting. Plaintiff's Objection 1, for instance, reads in part: "Mag. Finds defendant MacLaren asserts that he was unaware of plaintiff's August 30, 2006, request for protection. . . . Contrary to this claim, MacLaren, knew of plaintiff's need for protection." (Dkt. No. 28 at 1.) Based on Plaintiff's arguments, the Court will interpret Plaintiff as objecting to the Magistrate Judge's finding that Defendant MacLaren was unaware of Plaintiff's request rather than objecting to the Magistrate Judge's finding that Defendant MacLaren so asserted.

2

reviewed a similar request on August 30, 2006. (Dkt. No. 28, Objections, at 2-3.) The Court finds this argument unavailing. By Michigan Department of Corrections ("MDOC") Policy, "[e]ach institution shall have *at least one* security classification committee." PD 05.01.130 at ¶ G (emphasis added). Plaintiff has presented no evidence that his institution had only one SCC.

Plaintiff also argues that he submitted a memo to staff, including Defendant MacLaren, regarding his fear of attack, and that Defendant Boynton responded. (Dkt. No. 28, Objections, at 1-2.) The Court finds that while this might be compelling evidence that Defendant Boynton received notice of Plaintiff's fears, it does not demonstrate that Defendant MacLaren received or read Plaintiff's memo.

However, the Court does find, contrary to the Magistrate Judge, that Plaintiff has set forth evidence that Defendant MacLaren was part of the SCC that denied Plaintiff's request for protection on August 30, 2006. At paragraph 20 of his complaint, Plaintiff asserts that "[o]n or about 9/6/06, Plaintiff was seen by the Security Classification Committee, which set Defendants Boynton, MacLaren and John Doe. Plaintiff told these defendants that his life was in danger . . . ." (*Id.* at ¶ 20.)

Under 28 USC § 1746, when any matter is permitted to be evidenced by an affidavit, "such matter may, with like force and effect, be . . . evidenced . . . by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated," and of the appropriate form.

3

Plaintiff has indeed provided a handwritten statement, namely his complaint, which was subscribed by him under penalty of perjury, dated, and in substantially the correct form. (Dkt. No. 1, Complaint, at 17.)

If the Complaint complies with 28 USC § 1746, it may be used to oppose a motion for summary judgment. *See Hamilton v. Roberts*, 1998 U.S. App. LEXIS 22653, at *17 (6th Cir. Sept. 10, 1998) ("statements made in a verified complaint may function as the equivalent of affidavit statements for purposes of summary judgment"); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992) ("the handwritten complaint of a pro se prisoner may defeat a defendant's motion for summary judgment because it contained language that verified the complaint within the meaning of the statute."). However, "conclusory allegations made within a verified complaint are insufficient to withstand a motion for summary judgment." *Hamilton,* 1998 U.S. App. LEXIS 22653 at *17.

There is some question as to whether the complaint is in Plaintiff's handwriting ("in writing of such person") as required by 28 USC § 1746.[3] Nonetheless, this matter was not addressed by the Magistrate Judge, and the Court is inclined to give Plaintiff the benefit of what doubt exists. Thus, to the extent that Plaintiff is objecting to the Magistrate Judge's finding that Plaintiff has presented no evidence that Defendant MacLaren was part of the August 30, 2006, SCC and presented no evidence of Defendant MacLaren's personal involvement, the objection will be sustained.

---

[3] Compare the kite Plaintiff offers as Exhibit 1 to his Objections, (Dkt. No. 28), which also purports to be in Plaintiff's handwriting. Indeed, Plaintiff has acknowledged that he receives assistance in drafting his pleadings. (Dkt. No. 28, at 2.)

**Objection 2**

In Objection 2, Plaintiff objects to the Magistrate Judge's finding that he did not respond to Defendants' motion for summary judgment. The Court has reviewed the record, and finds, as did the Magistrate Judge, that Plaintiff did not respond to Defendants' motion for summary judgment. To the extent that Plaintiff is requesting that this failure to respond not be allowed to prejudice him, that request is granted. This Court reviews *de novo* all sections of the R&R to which Plaintiff makes specific objections. In reviewing the R&R, the Court will consider the additional evidence Plaintiff has submitted along with his objections.

**Objection 3b**

In Objection 3b, Plaintiff objects to the Magistrate Judge's finding that Plaintiff identifies his potential attackers to the prison staff as Latino and identifies them in his complaint as Muslim. It appears that notwithstanding the actual language of his objection, Plaintiff is actually objecting to the Magistrate Judge's alleged finding that the information Plaintiff provided to prison officials was insufficient to conduct a meaningful investigation to prevent the attack. Having reviewed the R&R, the Court can locate no such finding. In fact, contrary to Plaintiff's assertions, the Magistrate Judge found that "Defendants conducted an investigation into Plaintiff's fear of attack, interviewed potential witnesses, and determined that Plaintiff's fears of an attack by 'Latinos' or according to the complaint, 'Muslims' were unsubstantiated and that Plaintiff should return to general population." (Dkt.

No. 27, R&R, at 7.) To the extent that Plaintiff is objecting to the adequacy of Defendants' investigation, that objection is addressed by Objection 6, below.

**Objection 4**

In Objection 4, Plaintiff objects to the Magistrate Judge's finding that the attack on Plaintiff on September 8, 2006, was coincidence and unforeseeable based on the information given by Plaintiff to the prison staff. In fact, the R&R simply states that "*Defendants assert that the fact that Plaintiff was attacked by an unknown assailant on September 8, 2006 was coincidence and unforeseeable based upon information given by Plaintiff to prison staff.*" (Dkt. No. 27, R&R, at 7) (emphasis added). Plaintiff also argues under the rubric of this objection that the prison staff's decision was deliberately indifferent to plaintiff's need of protection.

To the extent that Plaintiff is objecting to the Magistrate Judge's finding that Defendants were not deliberately indifferent, this Court has reviewed the Magistrate Judge's findings *de novo* and finds that the Magistrate Judge has correctly analyzed the issue and made a sound determination.

**Objection 5**

In Objection 5, Plaintiff objects to the Magistrate Judge's finding that Plaintiff has lied in the past about impending assaults. The Magistrate did indeed find that "Plaintiff's institutional history indicates that Plaintiff has in the past lied by claiming that he has been harmed or thinks he will be harmed, solely for his personal benefit." (Dkt. No. 27, R&R, at

7.) Plaintiff objects on the basis that Defendants have not set forth any evidence that Plaintiff has lied about needing protection.

The Court finds that Defendants have set forth evidence that Plaintiff has lied by claiming that he has been harmed or thinks he will be harmed, as found by the Magistrate Judge. Defendant Boynton notes in his affidavit that "during his stay at the Chippewa Correctional facility, Plaintiff has had a history of requesting protection for various alleged threats against him." (Dkt. No. 24, Exhibit B, at ¶ 3). Defendant Boynton recounts that on June 4, 2004, Plaintiff requested protection, and that this request was investigated but could not be substantiated. (*Id.*) On July 5, 2004, Plaintiff requested protection stating that he had been assaulted, and the SCC determined that this could not be substantiated. (*Id.*) Defendant Boynton goes on to say that on September 30, 2004, Plaintiff alleged that he was raped, and that after the Michigan State Police became involved, "Plaintiff revealed that he had made up the allegations about being raped." (*Id.*) The Court finds, along with the Magistrate Judge, that Defendants have set forth evidence that Plaintiff has lied about needing protection, and that Plaintiff's institutional history accords with their evidence.

**Objection 6**

In Objection 6, Plaintiff objects to the Magistrate Judge's finding of a lack of support for Plaintiff's claim that Defendants were deliberately indifferent. Plaintiff argues that just because no other prisoner in this matter would be an informant does not mean that Plaintiff's life was not in danger. As noted in responding to Objection 4, this Court has reviewed *de*

*novo* the Magistrate Judge's findings that Defendants were not deliberately indifferent and finds that the Magistrate Judge has correctly analyzed the issue and made a sound determination.

Along with his objections to the R&R, Plaintiff has submitted a Protective Custody Request Investigation report dated August 30, 2006, which he claims lends credence to his claim that his life was in danger, and provides additional evidence that Defendants were deliberately indifferent in not protecting him further. (*See* Dkt. No. 28, Exhibit 3.) The Court has reviewed this document and finds that it does not advance Plaintiff's deliberate indifference claim.

In the report, Barbara Lane, an Assistant Resident Unit Supervisor with the Michigan Department of Corrections, concludes that "Prisoner Tuttle does not know how to do his time and will never get along in general population. He appears scared and does not get along with the other prisoners." (*Id.*) The mere fact that Plaintiff "will never get along" does not establish a reasonable fear of attack or advance an argument that Defendants were deliberately indifferent to Plaintiff's risk of injury.

**Objection 7**

In Objection 7, Plaintiff objects to the Magistrate Judge's finding that this case should be dismissed and that appeals would not be in good faith. "[A] general objection to a magistrate's report . . . does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are

dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Here, Plaintiff is not objecting to a specific issue in the Magistrate Judge's report; he is objecting to the conclusion of the report as a whole. The Court reviews the sections of an R&R to which specific objections have been made, and the balance is reviewed for clear error. That is the procedure the Court will follow here.

**Conclusion**

As noted above, to the extent that Plaintiff objects to the Magistrate Judge's finding that Plaintiff has presented no evidence that Defendant MacLaren was part of the August 30, 2006, SCC and has presented no evidence of Defendant MacLaren's personal involvement, the objection will be sustained. However, this question of fact does not disturb the outcome of the case. At worst, evidence presented at trial would reveal that Defendant MacLaren was a part of the SCC and that he was personally involved. This would put Defendant MacLaren in no worse a position than any of the other named defendants in this case. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 248 (1986). Since the Magistrate Judge has found, and this Court has agreed, that the involved Defendants were not deliberately indifferent, Defendant MacLaren's addition to that group does not affect the outcome of the suit or preclude the entry of summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the R&R (Dkt. No. 28) are **SUSTAINED IN PART** and **OVERRULED IN PART**.

**IT IS FURTHER ORDERED** that, with the exceptions noted herein, the July 1, 2010, R&R (Dkt. No. 27) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' October 6, 2009, motion for summary judgment (Dkt. No. 23) is **GRANTED**.

**IT IS FURTHER CERTIFIED** pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3) that an appeal of this action would not be in good faith.


Dated: September 23, 2010                         /s/ Robert Holmes Bell
                                                          ROBERT HOLMES BELL
                                                          UNITED STATES DISTRICT JUDGE